Gtabbiblli, J.
(dissenting). I subscribe to the holding of the majority that no constitutional issue of privileged expression is involved.
However, I otherwise dissent, and agree with the determination of the Appellate Division (39 A D 2d 223) that appellant was guilty of professional misconduct when, knowing that his statements would be published in Life magazine, he announced that: “ There are so few trial judges who just judge, who rule on questions of law, and leave guilt or innocence to the jury. And Appellate Division judges aren’t any better. They’re the whores who became madams. I would like to [be a judge] just to see if I could be the kind of judge I think a judge should be. But the only way you can get it is to be in politics or buy it — and I don’t even know the going price.” It is appropriate to here point out that appellant admitted not only the making of these statements but also that he participated in the preparation of the magazine article which appeared in the March 12, 1971 *565 issue of Life. The unabashed use of intemperate, vulgar and insulting language — certainly an offense against the integrity and dignity of the courts — tended to create disrespect for the law, the courts and judicial officers as well as lessening public confidence in the courts.
Referring to EC 8-6 (canon 8) of the Code of Professional Responsibility as authority, the majority holds that “ [w]ithout more, isolated instances of disrespect for the law, judges and courts expressed by vulgar and insulting words or other incivility, uttered, written, or committed outside 'the precincts of a court are not subject to professional discipline ”.
First, EC 8-6, in pertinent part, provides that “ [w]hile a lawyer as a citizen has a right to criticize [adjudicatory] officials publicly, he should he certain of the merit of his complaint, use appropriate language, and avoid petty criticisms, for unrestrained and intemperate statements tend to lessen public confidence in our legal system.” (emphasis added).
Second, it matters not whether the instances of disrespect for the administration of justice by the use of vulgar and insulting words or other acts of incivility, are uttered or committed outside the courtroom. The standard of conduct must remain unchanged even when the lawyer departs from the courtroom.
Third, appellant’s statement was made with the knowledge that it would be published in a weekly magazine, having a Nationwide and foreign circulation of several million copies[1]. In that sense, his utterance may not be characterized as one of those “ isolated instances of disrespect for law, Judges and courts ”. Since his conduct was a designed and calculated act we are required, as a practical matter, to equate his act as intending to have been uttered the innumerable times represented by the copies sold and distributed, not only at newstands, but by individual subscriptions as well as placement in public and school libraries, for millions to read.
However one may desire to parochialize this statement or, in fact, to now defensively limit its application, a fair reading of it leads to the inescapable conclusion that the vulgarity of Erdmann’s undocumented and baseless charges that “Appellate Division judges aren’t any better. They’re the whores who *566 became madams.” was directed to all such Judges, wherever located.
His conduct may well be characterized as morally and ethically reprehensible; and his widely-published statement, couched in such scandalous terms, is bound to have the effect of bringing discredit upon the administration of justice amongst the citizenry, an act which ought not be permitted.
I am quick to add that as also provided by EC 8-6 of the Code of Professional Responsibility a lawyer possesses, and of course should have, the right to publicly criticize the courts provided there is merit to his complaint and he uses appropriate language. I cannot, however, find any justification for using the language of the gutter or of the brothel — as was done in this ease — and condoned by the dissent at the Appellate Division as merely “ a figure of speech ”. One who engages in making such scandalous or other improper attacks, as here, is subject to discipline.
I am of the firm belief that one who occupies the responsible position of an attorney upon whose good faith, sense of propriety and ethical standards the public is entitled to rely, is still cloaked with the duty of abstaining from using offensive, insulting and abusive language as here depicted.
The order censuring appellant should be affirmed.
Chief Judge Fuld and Judges Breitel, Jasen, Jones and Wachtler concur in Per Curiam opinion; Judge Burke dissents and votes to affirm in an opinion; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Burke also concurs.
Order reversed, without costs, and petition dismissed.